# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM THE UKRAINE )
IN THE MATTER OF ) Misc. No. 08-
PETRUSHOVA )

## GOVERNMENT'S MEMORANDUM OF LAW
## IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged tax fraud and money laundering.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application

of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

BY: _____
                                      David L. Hall
                                      Assistant U.S. Attorney
                                      1007 N. Orange Street
                                      Wilmington, DE   19801
                                      (302) 573-6277

Dated: 2/28/08



**Public Prosecution of Ukraine**

# PROSECUTOR GENERAL'S OFFICE OF UKRAINE
13/15 Riznytska Str., Kyiv, 01011

*18*. .01.2008 № 14/2-30659-08
To № _____ of _____

Mr. Rex Young
U.S. Department of Justice

**Dear Mr. Young,**

The Prosecutor General's Office of Ukraine expresses its highest consideration to the Department of Justice of the United States of America and following the Treaty between Ukraine and the United States of America on Mutual Legal Assistance in Criminal Matters of 1998, has the honour to apply with a request for providing legal assistance.

The Investigation Division of the Tax Militia of the State Tax Administration of Ukraine in Zhytomyr region is investigating the criminal matter № 079004/07 on a charge of N.I. Petrushova of attempt of misappropriation of public funds in respect of a gross amount, smuggling and legalization (laundering) of criminally obtained money and other property, i.e. by the elements of crimes, envisaged by Part 2 of Article 15, Part 5 of Article 191, Part 2 of Article 201, Part 3 of Article 209 of the Criminal Code of Ukraine. The circumstances of commission of crimes are stated in the enclosed request.

In the course of the pre-trial investigation a need to carry out procedural actions on the territory of the United States of America has arisen. In connection with this fact an international investigative commission has been prepared.

Referring the indicated request of the law-enforcement bodies of Ukraine, the Prosecutor General's Office of Ukraine applies to the Department of Justice of the United States of America and kindly asks to organize its execution. The Prosecutor General's Office of Ukraine guarantees that the obtained materials will be used solely in the course of the investigation to ensure its completeness, fullness and objectivity and during the consideration of the criminal matter at court.

Please, refer the gathered materials to the address of the Prosecutor General's Office of Ukraine with reference to № 14/2-30659-08.

We avail ourselves of this opportunity to express our highest consideration to the Department of Justice of the United States of America.

Enclosure: the request in Ukrainian and English languages with enclosures, total on 16 pages.

**Head**
**International Law Department**          "signature"          **Vitaliy Kasko**

By: Tomieyev, +380-44-200-78-46

Translator of the Prosecutor General's Office of Ukraine:                              A. Marchenko

# INQUIRY
## on providing the assistance in investigating the criminal case

TO: The competent law-enforcement authorities of the United States of America

CONCERNING: The inquiry on providing the assistance in investigation of the criminal case # 079004/07, at the prosecution of the citizen Petrushova Nataliya Ivanivna

    Ukraine, according to the bilateral agreement between Ukraine and United States of America "On mutual legal assistance in investigating the criminal cases" dd. 22.07.1998, applies to the competent authorities of United States of America with the inquiry on providing the legal assistance in investigating the criminal case # 079004/07.
    The investigative department of tax militia of the State Tax Administration of Ukraine in Zhytomyr Oblast investigates the criminal case # 079004/07 that was commenced on April 03, 2007 concerning the citizen of Ukraine Petrushova Nataliya Ivanivna, according to the following materials:
- an attempt to impropriate state funds in the form of illegal compensation from the Value Added Tax budget in especially large amounts;
- contraband transference of goods through the customs' frontier of Ukraine by prior conspiracy of the group of people;
- the legalization of funds and property that were received in the criminal way and committed repeatedly in especially large amounts,

committed during 2005-2007 at acting by proxy of business undertakings on behalf of the Private Businessman Setnyk Mykhailo Mykhailovych (PB Setnyk M.M) at the facts of the crimes provided by part 2 of article 15, part 5 of article 191, part 2 of article 201, part 3 of article 209 of the Criminal Code of Ukraine.
    The investigative department of tax militia of the State Tax Administration of Ukraine in Zhytomyr Oblast needs the following information:

1) The corresponding documentation of the situated on the territory of United States of America company, namely: **Brownsville LLC 400 Market Street, Suite 606, Wilmington, DE, USA,** - for defining the real value of the imported goods from it on the territory of Ukraine.

2) The testimony of the officials of the aforesaid company for ascertainment of the circumstances of the import and the real value of the imported goods on the territory of Ukraine.

Taking into consideration the fact that the prejudicial inquiry on this case should be completed in 4 months, the investigative authority of Ukraine applies to you for providing the immediate assistance for completing the inquiry.

The investigative authority also asks the corresponding authorities of United States of America to adhere the private policy of the inquiry's matter so far as it possible under the legislation of United States of America. Whereas the release of the inquiry may lead to the erasure of the documents that are significant for investigating and judicial examining of the case and also it may complicate the collection of the evidence of the guilt of the citizen Petrushova Nataliya Ivanivna.

In its turn, the investigative authority of Ukraine assures the competent authorities of United States of America that the information received in the process of executing the inquiry, will be used for investigating this criminal case and its examining by court only.

**In the process of investigating the criminal case it was established that:**

The Director General of the Limited Liability Company "Masterfish" (LLC "Masterfish") Petrushova Nataliya Ivanivna by prior conspiracy with unknown to prejudicial investigation persons, during 2005-2007, acting on the grounds of of the notary registered letter of attorney and conducting the business activity on behalf of the Private Businessman Setnyk Mykhailo Mykhailovych (registered on May 19, 2003 by the decision of Zhytomyr Municipal Council under # 786-ЖОФ, who is under the fiscal accounting in the State Tax Administration of Zhytomyr town and under the certificate # 61164910 dd. August 27, 2003 he is the payer of the Value Added Tax) imported to the territory of Ukraine the fresh-frozen fish and other fishery products from the non-residential suppliers of Swiss company **"P.L.T. International Inc"**, that under the certificate of the Federal Commercial Register of the Switzerland data base was not registered as the subject of entrepreneurial activity, and from the company of **Brownsville LLC 400 Market Street, Suite 606, Wilmington, DE, USA,** including for recipient LLC "Ukrrosfishcompany".

At the same time, Petrushova Nataliya Ivanivna, acting by prior conspiracy with the undefined by the prejudicial investigation persons, knowing for sure about the actual value of the goods purchased at different manufacturers including the imported one from **"P.L.T. International Inc"**, and **Brownsville LLC 400 Market Street, Suite 606, Wilmington, DE, USA,** in the pointed period of time provided the Customs Authorities of Ukraine with the invalid data about the invoiced value of the imported goods. Thereby to the territory of Ukraine the production, customs' value of which, under the fabricated by Petrushova N.I. documents, made up 4.753.697,60 UAH, was imported.

The customs' registration of the imported production on the territory of Ukraine, according to the Protocol "On collaboration between State Customs Agency of Ukraine and the participants of the Ukrainian import of fishery-production market" dd. October 26, 2005, was accomplished at the common prices and was held for the total price 8.317.000,00 UAH.

In the further time, in order to legalize the production, acquired in the criminal way, that is fresh-frozen fish and other fishery-production, imported in the smuggling way and in order to impropriate the state funds in the form of illegal compensation from the Value Added Tax budget, Petrushova Nataliya Ivanivna, acting by prior conspiracy with the undefined by the prejudicial investigation persons, accomplished its selling in reduced prices to the entrepreneurs with the features of the fictitious, namely:

- to the Limited Liability Company "AdelfGroupImport" (according to the data base the company is in search, the founder refuses his belonging to the company's activity, the registration was held by him for the gratification);
- to the Limited Liability Company "Kristiks" (by the settlement of the court the constituent act are recognized as the invalid by the petition of the owner, who held the registration of the company for the gratification from the unknown persons);
- to the Limited Liability Company "Torg-Trading" (registered under the names of the suborned persons for the gratification), -

as the result, the sum of the obligation from the Value Added Tax when selling for 330.224,00 UAH was lower comparing with the sum of the tax credit from the Value Added Tax that arose when holding the customs' registration.

The mentioned sum of the tax obligation with the negative value in further was notified to the compensation from State Budget to the settlement account. The notified to the compensation sum of Value Added Tax in the mentioned operations for the reasons beyond their control, but who did all from them dependent for such compensation, was not compensated from the budget.

Besides, it was established, that by the analogical scheme the import of fishery-production on the territory of Ukraine was conducted by Petrushova N.I. acting at the positions of director of Limited Liability Company "Trading Company ПДУ" and Private Enterprise "T.A.A.".

On April 06, 2007 by the decision of Boguniya Regional Court of the town of Zhytomyr concerning Petrushova Nataliya Ivanivna, the following precautionary measure was chosen: taking into custody.

On April 12, 2007 Petrushova N.I. was prefered with the accusation of committing a crime, provided by part 2 of article 15, part 5 of article 191, part 2 of article 201, part 3 of article 209 of the Criminal Code of Ukraine.

With the purpose of full, thorough and objective criminal case investigation, and also with the purpose of ascertainment of the real value of imported fishery-production from the company of the United States of America into Ukraine, it is necessary to conduct the legal proceedings at the territory of United States of America.

The actions of the citizen Petrushova Nataliya Ivanivna contain the features of the crime provided by part 2 of article 15, part 5 of article 191, part 2 of article 201, part 3 of article 209 of the Criminal Code of Ukraine.

### Article 15. Criminal attempt

1. A criminal attempt shall mean a directly intended act (action or omission) made by a person and aimed directly at the commission of a criminal offense prescribed by the relevant article of the Special Part of this Code, where this criminal offense has not been consummated for reasons beyond that person's control.

2. A criminal attempt shall be consummated where a person has completed all such actions as he/she deemed necessary for the consummation of an offense, however, the offense was not completed for the reasons beyond that person's control.

3. A criminal attempt shall be unconsummated where a person has not completed all such actions as he/she deemed necessary for the consummation of an offense for the reasons beyond that person's control.

### Article 191. Misappropriation, embezzlement or conversion or property by malversation

1. Misappropriation or embezzlement of somebody else's property by a person to whom it was entrusted
shall be punishable by a fine up to 50 tax-free minimum incomes, or correctional labor for a term up to two years, or restraint of liberty for a term up to four years, or imprisonment for a term up to four years, with or without the deprivation of the right to occupy certain positions or engage in certain activities for a term up to three years.

2. Misappropriation, embezzlement or conversion of property by malversation -
shall be punishable by restraint of liberty for a term up to five years, or imprisonment for the same term, with the deprivation of the right to occupy certain positions or engage in certain activities for a term up to three years.

3. Any such actions as provided for by paragraph 1 or 2 of this Article, if repeated or committed by a group of person upon their prior conspiracy, -
shall be punishable by restraint of liberty for a term of three to five years, or imprisonment for a term of three to eight years, with the deprivation of the right to occupy certain positions or engage in certain activities for a term up to three years.

4. Any such actions as provided for by paragraphs 1, 2 or 3 of this Article, if committed in respect of a gross amount, -
shall be punishable by imprisonment for a term of five to eight years, with the deprivation of the right to occupy certain positions or engage in certain activities for a term up to three years.

5. Any such actions as provided for by paragraphs 1, 2, 3 or 4 of this Article, if committed in respect of an especially gross amount, or by an organized group, -

shall be punishable by imprisonment for a term of seven to twelve years, with the deprivation of the right to occupy certain positions or engage in certain activities for a term up to three years and forfeiture of property.

### Article 201. Smuggling

1. Smuggling, that is the movement of goods across the customs border of Ukraine bypassing the customs control or by concealing from the customs control, if committed in respect of large amounts, and also illegal movement of historic and cultural values, poisonous, strong, radioactive or explosive substances, weapons and ammunition (except smoothbore hunting guns and ammunition thereto), and also smuggling of strategically important basic commodities, export of which outside Ukraine is regulated by appropriate rules established by law, -

shall be punishable by imprisonment for a term of three to seven years with the forfeiture of smuggled items.

2. The same actions committed by a group of persons upon their prior conspiracy, or by a person previously convicted of the criminal offense under this Article, -

shall be punishable by imprisonment for a term of five to twelve years with the forfeiture of smuggled items and forfeiture of property.

Note: Smuggling of goods is committed in respect of large amounts if the value of such goods equals or exceeds 1,000 tax-free minimum incomes.

### Article 209. Legalization (laundering) of criminally obtained money and other property

1. Effecting financial transactions and other deals involving money or other property received from a socially dangerous illegal act preceding the legalization (laundering) of money, and also the performance of actions directed at the hiding or masking of the illegal origins of such money, property or possessing them; rights for such money or property, source of their origin, location, transference and also finding, possession or usage of money or other property, received from socially dangerous illegal act, that preceded the legalization (laundering) of money -

shall be punishable by imprisonment for a term of three to six years, with the deprivation of the right to occupy certain positions or engage in certain activities for a term up to two years with the forfeiture of money or other property, received from a crime and with forfeiture of property.

2. Any such actions as provided for by paragraph 1 of this Article, if repeated or committed by a group of person upon their prior conspiracy or in respect of large amounts –

shall be punishable by the deprivation of the right to occupy certain positions or engage in certain activities for a term up to three years with the forfeiture of money or other property, received from a crime and with forfeiture of property.

3. Any such actions as provided for by paragraphs 1 or 2 of this Article, if committed by an organized group or in respect of an especially gross amount -

shall be punishable by imprisonment for a term of eight to fifteen years, with the deprivation of the right to occupy certain positions or engage in certain activities for a term up to three years with the forfeiture of money or other property, received from a crime and with forfeiture of property.

Note.

1. Socially dangerous illegal act preceding the legalization (laundering) of money, according to this article, is an act which under Criminal Code of Ukraine shall be punishable by imprisonment for a term of three and more years (except acts provided by articles 207 and 212 of the Criminal Code of Ukraine) or which is acknowledged as a criminal under criminal law of another country and for the

same act the responsibility is prescribed under Criminal Code of Ukraine and for such that result in illegally acquired incomes.

2. Legalization (laundering) of money received in a criminal way is considered as such that done in a large amounts if the subject of a crime was money or other property in a total sum, which exceeds six thousands tax-free minimum incomes.

3. Legalization (laundering) of money received in a criminal way is considered as such that done in a especially gross amounts if the subject of a crime was money or other property in a total sum, which exceeds eighteen thousands tax-free minimum incomes.

### Information about involved companies and enterprises:

- Private Enterprise "T.A.A." (code of the Single State Register of enterprises, establishments and organizations of Ukraine: 22896149), address: Ukraine, the city of Kyiv, 42 Bratyslavska street;
- Limited Liability Company "Trading Company ПДУ" (code of the Single State Register of enterprises, establishments and organizations of Ukraine: 25383858), address: Ukraine, the city of Kyiv, 3 Oranzhereina street;
- Limited Liability Company "Masterfish" (code of the Single State Register of enterprises, establishments and organizations of Ukraine: 34242073), address: Ukraine, the city of Kyiv, 67 Ivan Lepse bulvar;
- Private Businessman Setnyk M.M. (code of the Single State Register of enterprises, establishments and organizations of Ukraine: 2269919310), address: Ukraine, the town of Zhytomyr, 54 Korolenko street;
- Brownsville LLC 400 Market Street, Suite 606, Wilmington, DE, USA;
- "P.L.T. International Inc" 56-68 WEINBERGSTRASSE, ZURICH, SWITZERLAND, P.O.BOX CH-8021.
- Limited Liability Company "Ukrrosfishcompany" (code of the Single State Register of enterprises, establishments and organizations of Ukraine: 32640951), address: Ukraine, the city of Kyiv, 34 Akademik Biletskyi street.

### Required assistance

Investigator suspect that while committing aforementioned crimes Petrushova N.I. provided the Customs Authorities of Ukraine with the invalid data about the factual value of the imported from the company of United States of America goods by fabricating the attendant documents and particularly the commercial invoices in which the price of fishery-production was underestimated in several times.

### Required documents

To conduct in the company of **Brownsville LLC 400 Market Street, Suite 606, Wilmington, DE, USA** the caption of the full-pack of original documents (agreements, contracts, applications, specifications, invoices, bills of lading, international commodity-motor waybills, bank payment documents), and in a case of impossibility of giving the original documents to withdraw their copies certified by the enterprise seal for the period of time from 01.01.2004 up to 01.07.2007 about the delivery of goods (fresh-frozen fish and other fishery-production) for:

- Private Businessman Setnyk M.M. (Ukraine, the town of Zhytomyr, 54 Korolenko street);
- Limited Liability Company "Ukrrosfishcompany" (Ukraine, the city of Kyiv, 34 Akademik Biletskyi street);

- Limited Liability Company "Trading Company ПДУ" (Ukraine, the city of Kyiv, 3 Oranzhereina street);
- Private Enterprise "T.A.A." (Ukraine, the city of Kyiv, 42 Bratyslavska street);
- Limited Liability Company "Masterfish" (Ukraine, the city of Kyiv, 67 Ivan Lepse bulvar).

At the same time, the investigative department of tax militia of the State Tax Administration of Ukraine in Zhytomyr Oblast assures the competent law-enforcement authorities of the United States of America that after the realization of necessary examinations, evaluation of real cost of imported goods all the captioned documents will be returned without fail.

### Required testimony

To ascertain the employees of **Brownsville LLC 400 Market Street, Suite 606, Wilmington, DE, USA** with whom in the period from 01.01.04 up to 01.07.07 were concluded the documents (agreements, contracts, applications, specifications, invoices, bills of lading, international commodity-motor waybills, bank payment documents) about the delivery of goods (fresh-frozen fish and other fishery-production) for:

- Private Businessman Setnyk M.M. (Ukraine, the town of Zhytomyr, 54 Korolenko street);
- Limited Liability Company "Ukrrosfishcompany" (Ukraine, the city of Kyiv, 34 Akademik Biletskyi street);
- Limited Liability Company "Trading Company ПДУ" (Ukraine, the city of Kyiv, 3 Oranzhereina street);
- Private Enterprise "T.A.A." (Ukraine, the city of Kyiv, 42 Bratyslavska street);
- Limited Liability Company "Masterfish" (Ukraine, the city of Kyiv, 67 Ivan Lepse bulvar).

To interrogate them as witnesses on the following questions:

- where, when and under what circumstances occurred the acquaintance with the representatives of aforementioned Ukrainian companies?
- whether they are acquainted with the representatives of aforementioned Ukrainian companies? If so, then with whom?
- with whom of the representatives of PB Setnyk M.M., LLC "Masterfish", LLC "Ukrrosfishcompany", PB "T.A.A.", LLC "Trading Company ПДУ" the negotiations concerning the order of concluding agreements and contracts were carried on?
- who was the initiator of such agreements and contracts?
- who was engaged in working out of agreements and contracts?
- in what they the conditions of delivery and prices were accommodated?
- where, when, by whom and under what circumstances the signing of agreements and contracts by both parties were conducted?
- who was engaged in development and production of the packing of the delivered product? Who paid for the packing development?
- in what they the transportation and payment of the delivered goods were conducted?
- what was the price of production at each delivery, and in which of the attendant documents it was represented?
- was the document, representing the cost of goods, present among the attendant documents of dispatch?

### Procedure of inquiry execution

Concerning the conduction of the caption and registration of its results, the investigative authority of Ukraine applies to the corresponding authorities of United States of America with the request to do the following:

1. Before the beginning of the caption, it is necessary to familiarize the representative of the company at which the caption is conducted with the decree of the conduction of the caption, which is attached to the commission.
2. To process the caption of the documents considering the report stating the following:
   - place and date of its drawing up;
   - position, names and surnames of competent persons, who conduct the caption of the documents;
   - time of the caption beginning and ending;
   - surnames, names and patronymics and addresses of two witnesses, who took part in the conduction of the caption. The following interested persons cannot act like witnesses, namely: victim; relatives of the suspected, accused and witness person; officials of inquiry authorities and of prejudicial inquiry;
   - to explain to witnesses their rights and duties, namely:
      a) they can be present during the conduction of the caption;
      b) by their signatures they attest the correspondence of the report records to the conducted actions;
      c) their comments should be obligatory included into report
   - list of the captioned documents;
   - the report is read to each person who took part in the conduction of the caption and each page is signed by these persons;
   - the copy of the report should be given to the officials of the company in which the caption is conducted;
   - if the person, who took part in the conduction of investigative action, refuses to sign the report, this should be mentioned in the report and confirmed by the signature of person who conducted the investigative action.

Concerning the conduction of the necessary interrogations of witnesses and preparations of the interrogations' results, the investigative authority of Ukraine applies to the corresponding authorities of United States of America with the request to do the following:

1. To process the report of the interrogation of the witness mentioning the following:
   - place and date of its drawing up;
   - position, names and surnames of competent person, who conduct the interrogation;
   - time of the interrogation beginning and ending;
   - personal data given by witness;
   - direction on the matter that competent authority of United States of America informed witness that he\she can give no answers on the questions concerning him\her, members of his\her family or his\her relatives, but answers to all other questions must be truthful, in other case it he\she can be instituted criminal proceedings;
   - questions, which were put during the interrogation and received answers;
   - to state in the interrogation report whether the representative of competent authority of United States of America had read the questions and answers to witness or he\she independently familiarized oneself with them and whether the content of the report according to witness was written properly;
   - each page of the interrogation report must be signed by the person who gave evidence as a witness, whereupon the report is signed by the representative of the competent authority of United States of America, who conducted the interrogation.

In case of refusal of the performance of this inquiry on providing legal assistance in full or partly, we are asking you to inform the investigative department of tax militia of the State Tax Administration of Ukraine in Zhytomyr Oblast about the reasons which preclude from the execution of the inquiry to the following address: Ukraine, 10014, the town of Zhytomyr, 7 Voikov street, tel. +38-0412-418-074; +38-0412-413-885; e-mail: zhitobltax@utel.net.ua.

In addition, the investigative department of tax militia of the State Tax Administration of Ukraine in Zhytomyr Oblast informs that the information, received during the execution of the commission, would not be used for political and military aims, because it is being gathered in the context of investigation of criminal offences.

Besides, the authorities of the State Tax Administration of Ukraine in Zhytomyr Oblast engage to give, in case of necessity, the correspondent assistance to law-enforcement authorities of the United States of America.

<u>Appendix</u>: decree of the conduction of the caption at Brownsville LLC 400 Market Street, Suite 606, Wilmington, DE, USA.

| | | |
|---|---|---|
| Senior investigator in especially important cases of the investigative department of tax militia of the State Tax Administration of Ukraine in Zhytomyr Oblast, Captain of tax militia | SIGNED | O.Yu. Trygub |

ROUND SEAL with the Emblem of Ukraine, State Tax Administration of Ukraine, State Tax Administration of Zhytomyr Oblast, Investigative Department of Tax Militia, Ukraine.



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE UKRAINE ) | |
| IN THE MATTER OF ) | Misc No. 08- |
| PETRUSHOVA ) | |

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2008.

_____
United States District Court Judge